UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **SOUTHERN UNIVERSITY ALUMNI FEDERATION AND CO-PATENT OWNERS #6.889.615,**<br><br>Plaintiffs,<br><br>vs.<br><br>**UNITED STATES GOVERNMENT,**<br><br>Defendant. | 08-cv-13016-TGB<br><br>**ORDER DENYING MOTIONS FOR SUMMARY JUDGMENT AS MOOT (ECF Nos. 21, 22, 24, 25)**<br><br>**AND**<br><br>**DENYING MOTION TO ELIMINATE DUPLICATE EFFORT AS MOOT (ECF NO. 28)** |

In this case, the *pro se* Plaintiffs, Southern University Alumni Federation and Co-Patent Owners #6.889.615,[1] have accused the Defendant, the United States Government, of violating a variety of civil rights and antitrust laws, all of which have adversely affected their rights as citi-

---

[1] Plaintiffs' pending motion, Motion for Summary Judgment (ECF No. 21), now includes named Plaintiffs as Bridgewater Products, Inc., Co-Patent Owners US, et al., and adds named Defendants Penske Truck Leasing, Detroit Diesel Corp., and the State of Michigan, et al.  However, the Complaint has never been amended, as it was dismissed in November of 2009.

zens to be free from unconstitutional encroachments by the federal governmental authorities. The Complaint was originally filed on June 4, 2008, in the Southern District of Florida, and transferred to this District on July 14, 2008. Prior to the transfer, the Plaintiffs had sought — without success — to obtain (1) leave to proceed in forma pauperis and (2) the appointment of counsel. Once the case was transferred to this District, Plaintiffs raised the same issues that had been addressed and rejected without prejudice by the District Court in the Southern District of Florida.

On August 12, 2009, the Honorable Julian Cook issued a show cause order (ECF No. 14) informing Plaintiffs that they failed to (1) file a new application to proceed in forma pauperis, and/or (2) pay the statutory $350 filing fee, as of the date of the Order, pursuant to Title 28, United States Code, Section 1914." 28 U.S.C. § 1914(a) ("[t]he clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $ 350 . . .). Plaintiffs were ordered to (1) submit the requisite filing fee to the Clerk, or, as an alternative, (2) file an in forma pauperis application within a period of fourteen (14) days from the date of the entry of the Order. After Plaintiffs failed to comply with the Court's order, on November 9, 2009, Judge Cook dismissed the complaint without prejudice. ECF No. 16.

More than 12 years later, Plaintiffs have filed a motion for summary judgment against the United States Government, and have also added new parties to the caption of that motion, including putative Defendants Penske Truck Leasing, Detroit Diesel Corp, and the State of Michigan. None of these Defendants have been named in or served with any amended complaint. ECF No. 21.

The original complaint was dismissed because Plaintiffs failed to comply with the requirements under 28 U.S.C. § 1914(a) despite being ordered to do so by the Court. This defect has not been remedied for over 12 years, and there is currently no pending case before the Court. At this point, any case Plaintiffs hope to bring before this Court is likely barred by statute of limitations. *See* 31 U.S.C. §3731(b) (False Claim Act suits must be brought within 6 years of the alleged violation); *see also Agency Holding Corp. v Malley-Duff & Associates, Inc.*, 483 U.S. 143 (1987) (Civil RICO claims are subject to a four-year statute of limitations.).

The Court notes that Plaintiffs have filed several "notices" as well as four versions of this motion for summary judgment. ECF Nos. 17-20; 26-27 (Notices); ECF Nos. 21, 22, 24, and 25 (motions for summary judgment). Because Plaintiffs' complaint is dismissed and Plaintiffs have not either paid the filing fee or submitted an application to proceed in forma pauperis, the motion for summary judgment is not well taken—there is no complaint pending upon which summary judgment could be granted. Consequently, the motion for summary judgment will be denied as moot.

## CONCLUSION

For the reasons explained, Plaintiffs' motion for summary judgment (ECF No. 21) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that all duplicitous motions for summary judgment (ECF No. 22; ECF No 24; ECF No. 25) are **DENIED** as moot.

**IT IS FURTHER ORDERED** that the motion to eliminate duplicate effort (ECF No. 28) is **DENIED** as moot.

**IT IS SO ORDERED.**


Dated: June 28, 2022        s/Terrence G. Berg
                            TERRENCE G. BERG
                            UNITED STATES DISTRICT JUDGE